**UNITED STATES ex rel. DI STEFANO v. MOORE, United States Marshal, et al.**

District Court, E. D. New York.
June 6, 1930.

Arthur N. Field, of Brooklyn, N. Y., for petitioner.

Ralph Atkins, of New York City (Charles Berlin, of Brooklyn, N. Y., of counsel), for Consul General of Italy at New York.

Howard W. Ameli, U. S. Atty., and James E. Wilkinson, Asst. U. S. Atty., both of Brooklyn, N. Y.

CAMPBELL, District Judge.

The briefs in this case were delivered to me on June 5, 1930.

The relator has instituted two proceedings, a writ of habeas corpus and a writ of certiorari.

Both proceedings have been brought to secure the discharge of the relator from custody upon a warrant for his extradition to Italy.

The relator was apprehended in the Eastern district of New York upon a complaint charging him with the attempt to murder one Guiseppe Sutera, in Italy; the complaint being signed by the said Guiseppe Sutera.

The crime with which the relator is charged is an attempt to commit murder and that is among the offenses included in the extradition treaty between the United States and Italy.

It appears in these proceedings that Francesco Sutera, a brother of Guiseppe Sutera, hereinafter designated as the accuser, had been found murdered on a highway, and that in December, 1925, the accuser, while on horseback, riding through the fields in the neighborhood of the place where his said brother had been murdered, approached a point about ten yards distant from relator, and the latter sprang up, and, uttering the words, "You will end your days in the manner of your brother and Guiseppe Lombardo," opened fire on the accuser with a shotgun; that the accuser fell or jumped from his horse at the first shot, wounded in the arm, but, regaining his feet started to run, and that relator pursued the accuser for about a mile, continuing to shoot at him; that the relator was accompanied by four other persons who discharged their guns at the accuser, and that the accuser was grievously wounded, seventy-one lead slugs having entered his body, of which sixteen were not extracted, and that the accuser was in a hospital, for treatment for his wounds, for a period of six months.

The relator attacks the legality of his detention upon two grounds, first, that the crime with which he is charged is not extraditable; and, second, that he is not a fugitive from justice of the Kingdom of Italy.

The sufficiency of the evidence of criminality in the case at bar is to be determined by the law of the state of New York.

The Penal Law of the state of New York, chapter 40 of the Consolidated Laws, with reference to the attempt to commit crimes, provides as follows:

"§ 2. * * * Attempt to commit a crime. An act, done with intent to commit a crime, and tending but failing to effect its commission, is 'an attempt to commit that crime.' "

"§ 260. Attempt to commit crime. A person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime was consummated, unless the court, in its discretion, discharges the jury and directs the defendant to be tried for the crime itself."

"§ 261. Punishment for attempt to commit crime. A person who unsuccessfully attempts to commit a crime is indictable and punishable, unless otherwise specially prescribed by statute, as follows:

"1. If the crime attempted is punishable by the death of the offender, or by imprisonment for life, the person convicted of the attempt is punishable by imprisonment for not more than twenty-five years.

"2. In any other case, he is punishable by imprisonment for not more than half of the longest term, or by a fine not more than one-half of the largest sum prescribed upon a conviction for the commission of the offense attempted, or by both such fine and imprisonment."

These sections are sufficiently broad to include an attempt to commit murder. People v. Pisano, 142 App. Div. 524, 127 N. Y. S. 204.

On the evidence as offered in these proceedings, it appears that there was present every element necessary to sustain the charge of murder in the first degree, as defined by the laws of the state of New York, if death had resulted, and, inasmuch as death did not result, an attempt to commit murder could be charged.

**310**

Relator's contention is that, on the evidence received, the only charge that could be laid under the laws of the state of New York is that of assault in the first degree, which is defined in the Penal Law of the state of New York, supra, as follows:

"§ 240. Assault in first degree defined. A person who, with an intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another:

"1. Assaults another with a loaded fire arm, or any other deadly weapon, or by any other means or force likely to produce death; or,

"2. Administers to or causes to be administered to or taken by another, poison, or any other destructive or noxious thing, so as to endanger the life of such other,

"Is guilty of assault in the first degree."

Relator further contends that, as assault in the first degree is not enumerated in the extraditable crimes in the treaty between the United States and Italy, the relator may not be extradited for the crime of an attempt to commit murder.

Counsel for relator has presented an exhaustive brief, but I am unable to find that the authorities cited sustain his contention.

I am convinced that, even under the laws of the state of New York, the evidence received would be sufficient on which to charge an attempt to commit murder; but, even if that were not so, the act charged is an attempt to take the life of the accuser, and that is a crime both in New York and Italy, whether it be called assault in the first degree, or, as defined in the treaty, attempted murder, and the offense is extraditable.

"The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of the liability shall be coextensive, or, in other respects, the same in the two countries. It is enough if the particular act charged is criminal in both jurisdictions." Collins v. Loisel, 259 U. S. 309, 312, 42 S. Ct. 469, 470, 66 L. Ed. 956.

■ The evidence shows that the relator has been convicted in Italy of the crime alleged, and has not served the sentence imposed, for the reason that the relator could not be located in Italy.

It seems to be clear that the relator has fled his country to escape punishment for his criminal acts, and he is therefore a fugitive from justice.

The writ of habeas corpus is dismissed, and the relator remanded to the custody of the United States marshal for the Eastern district of New York. Settle order on notice.