THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MERLE V. FULLER, Appellant.— Appeal from an order of the Albany County Court, dated March 27, 1953, denying the defendant's motion to vacate and set aside a judgment of conviction entered on March 2, 1931, upon the defendant's plea of guilty to an indictment charging him with an attempt to commit the crime of murder in the first degree. The indictment to which the defendant pleaded guilty charged him with attempting to kill his father "from a deliberate and premeditated design to effect the death of his father", by putting a quantity of potassium cyanide into a cup of coffee which he had poured for his father's breakfast. The defendant was sentenced to the Elmira Reformatory, pursuant to subdivision 1 of section 261 of the Penal Law specifying the punishment for an attempt to commit a crime which is punishable by death or imprisonment for life. The appellant contends that he was punishable solely under subdivision 1 of section 240 of the Penal Law defining the crime of assault in the first degree. The appellant's contention is wholly without merit (*People* v. *Pisano*, 142 App. Div. 524; *United States* v. *Moore*, 46 F. 2d 308, affd. 46 F. 2d 310). Order appealed from affirmed. Foster, P. J., Bergan, Halpern and Imrie, JJ., concur; Coon, J., taking no part.

FOURTH DEPARTMENT, APRIL, 1953.

(April 29, 1953.)

■

CHIC MAID HAT MANUFACTURING CO., INC., Respondent, v. LEON KORBA, Individually and as President of Local 111, United Hatters, Cap and Millinery Workers International Union, A. F. of L., et al., Appellants.— Order affirmed, with $10 costs and disbursements. Memorandum: While the factual situation in this case is somewhat different than in the case of *Goodwins, Inc.,* v. *Hagedorn* (303 N. Y. 300), we think the same legal principles are applicable. It cannot be denied that the affidavits of the defendants here all admit that the purpose of the picketing was to coerce the plaintiff to bargain collectively with the defendant union. As there is no showing that the union represents a majority of the employees of the plaintiff, it (plaintiff) could not enter into an agreement with the union without being guilty of an unfair labor practice under both the State and the Federal Labor Relations Acts. (*Building Service Union* v. *Gazzam,* 339 U. S. 532; *Goodwins, Inc.,* v. *Hagedorn, supra.*) Defendant union, if it in fact represents a majority of the plaintiff's employees, has a remedy, i.e., to apply to the State or Federal Labor Relations Board, whichever has jurisdiction, for an election and, if successful, certification as the bargaining agent. In the absence of a factual showing that the union represents a majority of the employees we must yield to the authority of the Court of Appeals in the *Goodwins* case. All concur. (Appeal from an order granting plaintiff's motion for an injunction *pendente lite,* restraining defendants from picketing plaintiff's plant.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.